SHELDON v. PEARSON.

1. TRIAL JUSTICE—NOTICE OF APPEAL—SERVICE.—A party cannot be relieved from any omission made by him in giving notice of appeal within the time, and in the mode, required by statute. Therefore, where the statute requires notice of appeal from a trial justice to be served on the respondent, or if not a resident of the county, nor to be found therein, then on the agent who appeared for the respondent at the trial, and is a resident of the county, and if neither respondent, agent, or attorney can be found in the county, then to be served otherwise, a notice of appeal is not properly served when it is personally served in the county on a non-resident agent who appeared at the trial for a non-resident respondent not then within the county, such agent not being shown to have been an attorney at law.

Before WALLACE, J., Spartanburg, July, 1893.

Action by Francis W. Sheldon against M. C. Pearson for the recovery of a bull, commenced in a Trial Justice's Court on May 1, 1893.

*Messrs. S. M. Pilgram* and *Geo. W. Nicholls,* for appellant.

*Messrs. Munro & Munro,* contra.

July 27, 1894. The opinion of the court was delivered by

MR. CHIEF JUSTICE MCIVER. This is an appeal from an order of his honor, Judge Wallace, dismissing an appeal from the judgment of a trial justice rendered in Spartanburg County, upon the ground that the appellant had failed to serve the re-

spondent with notice of appeal within the time required by law.

It appears from the papers set out in the "Case" that the plaintiff, being a resident of Union County, through her agent, L. J. Browning, who was likewise a resident of Union County, brought suit, before a trial justice in Spartanburg County, to recover possession of a bull.   The plaintiff having recovered judgment, the defendant undertook to appeal therefrom, and for this purpose, on the day of trial, at the trial justice's office, obtained an acceptance of service of the notice and grounds of appeal in the following form: "Due and legal notice accepted" (Signed) "B. B. Barnett, trial justice," and "F. W. Sheldon, per L. J. Browning."   It also appears that the plaintiff, by a writing signed by herself, demanded "(through Mr. L. J. Browning, my agent,)" the delivery of the bull, which writing concludes in these words: "And I hereby authorize my said agent to at once bring suit before a trial justice for a delivery of the animal."   In pursuance of this authority the said Browning, as agent of the plaintiff, brought suit, and obtained the judgment sought to be appealed from.   It further appears from the affidavit of the attorney who represented the defendant on the trial, "that L. J. Browning appeared for the plaintiff, and conducted her case for her by assisting in examining witnesses and made an argument for her before the jury; that the plaintiff was not present, and that her whole case was managed by L. J. Browning, with the assistance of Mr. M. P. Patton, as her agent or attorney; that the plaintiff lives in Union County, some six miles from the place of trial; that the notice of appeal was served by getting said attorney or agent to accept service on the day of trial, before leaving the place of trial, as soon as the decision was rendered."

Upon this state of facts the legal question presented is whether the respondent was served with notice of appeal within the time required by law; and this, of course, involves the inquiry whether the notice of appeal was given in the manner prescribed by law.   The statute is very explicit upon this subject, and may be found in section 360 of the Code, where, after having prescribed in section 359 that the notice of appeal

shall be given within five days after judgment, the provision is as follows: ''The notice of appeal must, within the same time, be served on the trial justice personally, if living and within the county, or on his clerk, if there be one, and upon the attorney for the respondent, or on the respondent person- ally, or by leaving it at his residence, with some person of suitable age and discretion; or, in case the respondent is not a resident of such county, or cannot, after due diligence, be found therein, in the same manner, on the agent, if any, who is resi- dent of such county, who appeared for the respondent on the trial; and if neither the respondent nor such agent or attorney can be found in the county, the notice may be served on the respondent by leaving it with the clerk of the appellate court.''

Now, while the legislature has seen fit to invest the court with power to relieve a party from defaults or omissions in taking some of the steps necessary to perfect an appeal, the matter of giving notice of appeal has always been specially excepted from such provisions; and hence, when the court is called upon to determine whether a notice of appeal has been properly given, it has no other alternative but to follow the express declarations of the statute. The in- quiry, therefore, is, whether the defendant has complied with the explicit declarations of the statute, as applied to a case like the present, where both the plaintiff and her agent were non-residents of the county. In such a case, the statute re- quires that the notice of appeal must be served personally on the agent, who is a resident of the county, who appeared for the respondent on the trial. Now the acceptance of service by Browning for the plaintiff certainly cannot amount to any- thing more than if he had been served personally by the sheriff, at the same time and place, with the notice; and such a service would not, in our judgment, have been a compliance with the statute. To make it so, three things must appear: 1st. That he was the agent of the plaintiff. 2d. That he ap- peared for her at the trial. 3d. That he was a resident of the county. Now while it is clear that the facts of this case meet the first two requirements, it is equally clear that the third is entirely wanting; for it not only does not appear that Browning

was a resident of the county, but the contrary does appear. It follows, therefore, that the service on Browning, as evidenced by his acceptance of service of the notice of appeal, was not a compliance with the statute, and hence no notice of appeal has ever been served on the respondent in the manner prescribed by law. It is urged, however, that Browning may be regarded as the attorney (meaning attorney at law) of the plaintiff, and, therefore, the service upon him was good.. There is no evidence to sustain this position, and, on the contrary, the evidence throughout shows that Browning was the mere agent of the plaintiff, and that, in fact, she was represented at the trial by another person, Mr. Patton, as her attorney.

The judgment of this court is, that the order appealed from be affirmed.